UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14cr17-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER OF FORFEITURE |
| | ) | |
| (6) KEVIN SMITH | ) | |

THIS MATTER is before this Court on the Government's Motion for Order of Forfeiture. (Doc. No. 535). The Government seeks a Preliminary Order of Forfeiture for two firearms identified in the gun possession count of which he was convicted at trial. (Doc. No. 3: Indictment at Count Fifty-Three).

Based on review of the record in this case and review of the Government's Motion, THE COURT FINDS AS FOLLOWS:

In the Bill of Indictment in this case, the United States sought forfeiture of property of the Defendant as property that was used or intended to be used to facilitate the crime(s) charged, which would be subject to forfeiture under 18 U.S.C. § 924(d) and/or 28 U.S.C. § 2461(c).

Defendant was convicted at trial by the jury on Count Fifty-Three in the Bill of Indictment and was adjudged guilty of the offense charged in that count. Based on evidence already in the record, including the defendant's conviction, the Government has established the requisite nexus between the property identified in Count Fifty-Three and such offense.

It is therefore ORDERED:

1. Based upon Defendant's conviction and the evidence and information on the record, the United States is authorized to seize and maintain possession of the following property belonging to Defendant, and it is hereby forfeited to the United States for disposition according to

law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**One Ruger Blackhawk, .357 revolver, serial number 31-28157; and**

**One Remington Arms model 700 30-06 rifle, serial number B6454444 and any seized ammunition.**

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

4. If no third party files a timely claim, this Order of forfeiture shall become the final order and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

Signed: July 14, 2015

Robert J. Conrad, Jr.
United States District Judge