| | |
|---|---|
| KEVIN SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.     BACKGROUND**

On January 23, 2014, Petitioner Kevin Smith ("Petitioner") was charged in a Bill of Indictment, along with twenty-six co-conspirators, with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count One); two counts of bank fraud in violation of 18 U.S.C. § 1344 (Counts Eleven and Twelve); one count of possession of counterfeit securities in violation of 18 U.S.C. § 513 (Count Fifty); one count of possession of stolen mail in violation of 18 U.S.C. § 1708 (Count Fifty-Two); and one count of being a felon-in-possession of firearms in violation of 18 U.S.C. § 922(g)(1) (Count Fifty-Three). [CR Doc. 3: Sealed Indictment]. The Fifty-Five Count Indictment charged, generally, that:

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00018-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00017-RJC-DCK-6.

> 1. From in or about December 2007 to the present, a check fraud conspiracy was operating in and around Mecklenburg, Gaston, Iredell, [and] Cabarrus Counties in North Carolina, and elsewhere.
>
> 2. The check fraud conspiracy (hereafter, the "conspiracy") would deposit worthless checks into empty or near-empty bank accounts to trick the bank system into crediting the account with funds, and then steal as much cash as possible with ATM withdrawals before the banks realized what was happening and could do a proper accounting and reconciliation.

[Id. at ¶¶ 1-2].

On June 4, 2014, the day the jury trial began, Petitioner's counsel filed a Motion for Production of Draft Plea Agreements in which he sought production of all plea agreements offered to certain co-conspirator cooperating witnesses. [CR Doc. 396]. Petitioner's counsel argued that evidence of previous offers relative to the final agreements was relevant to bias "particularly [ ] with regard to defendants that did not enter plea agreements until shortly before this case was to be tried." [Id.]. During pretrial motions, the Court granted Petitioner's motion to sever the bank fraud charges from the firearm charge, finding them improperly joined. [CR Doc. 389; CR Doc. 857 at 9: Trial Tr.]. The firearm count was tried first. [See CR Doc. 857 at 9].

The jury found Petitioner guilty of being a felon-in-possession of a firearm. [CR Doc. 415: Jury Verdict]. Prior to Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 676: PSR]. In the PSR, the probation officer recommended a base offense level of 24 because Petitioner had two prior felony convictions for crimes of violence, U.S.S.G. § 2K2.1(a)(2);[2] a two-level increase because the offense involved four firearms, U.S.S.G. § 2K2.1(b)(1)(A); a two-level increase because the offense involved a stolen firearm, U.S.S.G. § 2K2.1(b)(4)(A); and an armed career criminal enhancement, 18 U.S.C. § 924(e),

---

[2] These convictions were for two counts of robbery with a dangerous weapon. [CR Doc. 676 at ¶ 18].

because Petitioner had at least three prior convictions for violent felonies, U.S.S.G. § 4B1.4(b)(3)(B). [Id. at ¶¶ 18]. These increases and enhancement yielded a recommended Total Offense Level (TOL) of 33. [Id. at ¶ 27]. Together with a Criminal History Category of IV, the guidelines range of imprisonment was 133 to 235 months. [Id. at ¶¶ 35, 64]. The statutory minimum term of imprisonment was 15 years and the maximum term was life, 18 U.S.C. §§ 922(g), 924(e)(1). [Id. at ¶ 63].

Petitioner objected to application of the Armed Career Criminal Act, 18 U.S.C. § 924(e), contending that his prior qualifying convictions "were *not* committed on different occasions, but were part of a single continuous incident." [CR Doc. 675: Objections to PSR].[3] Petitioner asserted that the TOL would be 28 if his ACCA enhancement objection were sustained. [Id.].

At sentencing, the Court overruled Petitioner's objection to the ACCA enhancement. [CR Doc. 845 at 1: Statement of Reasons]. The Court sentenced Petitioner to a term of imprisonment of 188 months on Count Fifty-Three. [CR Doc. 844: Judgment]. Judgment on Petitioner's conviction was entered on March 3, 2016. [Id.]. Petitioner directly appealed his conviction and sentence. [CR Doc. 846]. Petitioner presented the following arguments on appeal: (1) the district court erred in admitting witness testimony that he had previously possessed a firearm matching the description of one of the firearms listed in the indictment; (2) the evidence at trial was insufficient as a matter of law to support his conviction; (3) 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1) are unconstitutionally void for vagueness; (4) the district court erred in determining Petitioner's predicate convictions under 18 U.S.C. § 924(e)(1) were "committed on occasions different from one another;" (5) the district court violated Petitioner's due process rights by not

---

[3] In the Objections, counsel for Petitioner noted that she "did not represent [Petitioner] at trial and was appointed by the court to represent the [Petitioner] *after* the draft PSR was filed in this matter." [CR Doc. 675].

3

submitting the question of whether these predicate offenses were "committed on occasions different from one another" to the jury; and (6) the district court erred in determining Petitioner's prior North Carolina convictions for robbery with a dangerous weapon are "crime[s] of violence for purposes of 18 U.S.C. § 924(e)." United States v. Smith, 703 Fed. App'x 174 (4th Cir. 2017). The Fourth Circuit affirmed Petitioner's conviction and sentence. Id.

Petitioner timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. [CV Doc. 1]. Petitioner asserts four general grounds for relief: (1) ineffective assistance of counsel; (2) insufficiency of the evidence at trial to support his conviction; (3) error by the Court in concluding that his prior convictions occurred on separate occasions; and (4) error by the Court in holding that robbery with a dangerous weapon is a crime of violence. [Id. at 4-15]. The Court conducted an initial review of Petitioner's motion and ordered the Government to respond. [CV Doc. 2]. The Government responded [CV Doc. 5] and Petitioner replied [CV Doc. 8].[4]

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[4] The Court notes that Petitioner's Reply is, in large part, not responsive to the Government's Response, but purports to make new factual allegations and present new grounds for relief. The Court will not consider the portions of the Reply that exceed the scope of a proper reply brief. LCvR 7.1(e) ("A reply brief should be limited to a discussion of matters newly raised in the response.").

4

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). To establish prejudice, the petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is not sufficient to show the mere "'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1994) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Ci1r. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Here, Petitioner makes several arguments in support of his claim for ineffective assistance of counsel. The Court addresses them in turn.

### 1. Failure to Negotiate a Plea Deal

"[T]here is no constitutional right to plea bargain." Weatherford v. Bursey, 429 U.S. 545, 561 (1977). And "counsel does not have a general duty to initiate plea negotiations." United States v. Pender, 514 Fed. App'x 359, 361 (4th Cir. 2003). When plea negotiations take place, however, defendants are entitled to the effective assistance of counsel during the negotiations. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012).

Petitioner asserts that his attorney provided ineffective assistance by not negotiating a better plea agreement. This claim fails. It is speculative and Petitioner cannot show prejudice because the plea agreement Petitioner says he would have accepted, that is, an agreement to a TOL of seven, was never offered. Petitioner's counsel presented him with two plea agreements. [CV Doc. 1 at 6]. Petitioner contends that he rejected a guilty plea to the firearm charge because he refused to accept a plea deal for firearms arms that he did not possess. [Id. at 6, 29, 32].

Petitioner states that his attorney obtained a second plea agreement "which was not in my range for the crime" and included something that Petitioner thought "was a trick." [Id. at 29, 32]. This proposed plea agreement called for Petitioner to plead guilty to Count One, which carried a

6

30-year maximum sentence, and for joint recommendation of a base offense level of seven, a ten-level increase for the amount of loss, a two-level increase for being in the business of selling or receiving stolen property, a two-level increase for device-making equipment, and a three-level reduction for acceptance of responsibility, yielding an adjusted offense level of 18. [Id. at 36]. In exchange for the Government's agreement to dismiss the remaining counts of the Indictment, there was to be a six-level upward variance "to account for the defendant's other criminal conduct" for a TOL of 24. Id.

Petitioner refused to accept this deal. [Id. at 32-33]. According to Petitioner, the ten-level increase for the loss amount should have been lower and there should have been no six-level upward variance. [Id. at 7, 32]. Petitioner "told attorney Burgess to go back and speak to the DA and work out a more favorable deal based on the true facts." Id. at 32. Petitioner claims that his trial was set before a new plea deal could be reached and that because he was not guilty, he "obviously would not accept a plea agreement that would not be a favorable deal for [him]." Id. at 32-22. Petitioner says he would have agreed to a TOL of seven, which would have yielded a sentencing range of eight to fourteen months. Id. at 33.

Even if these allegations are true, Petitioner has not shown deficient performance. Counsel negotiated two different plea deals for Petitioner, each of which carried significantly lower sentences than Petitioner received after proceeding to trial on the firearm charge. Moreover, Petitioner's counsel sought a third plea deal on Petitioner's behalf but was refused by the Government. [See CV Doc. 1 at 33]. Any contention that Petitioner's counsel was ineffective for being unable to negotiate a plea deal 17 offense levels below the Government's second offer is wholly speculative and implausible. As such, Petitioner's counsel was not deficient.

Even if Petitioner had shown deficient performance, he has not shown prejudice. Petitioner admits that he rejected the plea deals that were offered and that the only plea deal he would have accepted was never offered. There is simply no reasonable probability that the Government would have offered Petitioner, a convicted felon who possessed a firearm and engaged in a bank-fraud scheme, a plea deal to an eight- to fourteen-month sentence.

Petitioner's claim on this ground will, therefore, be denied.

### 2. Other Grounds

Petitioner also claims several other grounds for ineffective assistance of counsel. He argues that his attorney failed to investigate Petitioner's prior convictions, to raise any constitutional issues at trial, to object to anything during trial, and to object to the erroneous application of the sentencing guidelines. [CV Doc. 1 at 5-6]. Petitioner claims that his attorney's actions caused him to lose his trial because it "was fraught with errors and lies by witnesses." Id. at 6. In addition to being conclusory, see United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013), Petitioner has not shown deficient performance or prejudice as to these allegations.

To show ineffective assistance based on the failure to investigate, a petitioner must present specific information to show what favorable evidence the investigation would have produced. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996). "[I]f there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996) (citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370-71 (1985)). Here, Petitioner's asserts that his attorney failed to obtain records from Duke Energy to show that Petitioner had lived at a new residence for over a year before the search of the subject residence, on Plaintiff's request. [CV Doc. 29-30]. Petitioner also claims that counsel should have investigated that Petitioner was

8

on probation for another charge and, when his probation officer checked where Petitioner was staying, the officer went to the residence on Petitioner's identification card, not the address where the firearms were found. [Id. at 30]. These assertions are insufficient to establish deficient performance or prejudice. An address on a utility bill attached to Petitioner's name would not have conclusively established that Petitioner lived at another residence, nor would a probation officer's decision to start looking for Petitioner at a particular place.

Other evidence at trial showed that the subject residence had been under surveillance for approximately two weeks and Petitioner was observed entering and exiting the residence and, on one occasion, was seen checking the mailbox next to the front door. [CR Doc. 676 at ¶¶ 6-7]. Also, a neighbor testified at trial that Petitioner lived in the subject residence, that he observed Petitioner several times a day at the residence, and that Petitioner slept there. [Id. at ¶ 10]. In short, Petitioner has not shown that he was prejudiced as a result of evidence he contends was missing as a result of his counsel's deficient performance.

In sum, Petitioner has failed to show deficient performance or prejudice and his claims for ineffective assistance of counsel will be dismissed. See Strickland v. Washington, 466 U.S. 668, 687-88.

B. **Sufficiency of Evidence at Trial**

Petitioner contends that he is entitled to relief because the evidence at trial was insufficient to convict him of possession of a firearm by a convicted felon. [CV Doc. 1 at 10-11]. This claim is procedurally barred because Petitioner challenged the sufficiency of the evidence to support his firearm conviction on direct appeal. Smith, 703 Fed. App'x at 176-77. Issues fully considered on direct appeal from a conviction may not be "recast under the guise of a collateral attack" by way of motion to vacate under § 2255. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.

9

1976); United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009) (a defendant may not circumvent a proper ruling on direct review "by re-raising the same challenge in a § 2255 motion"). As such, the Court will also dismiss this claim and notes that it is without merit, in any event.[5]

### C. Error by the Court at Sentencing

Petitioner contends that this Court erred in holding that his two prior robbery offenses that occurred on separate, consecutive days were separate offenses, rather than part of a continuous spree. [CV Doc. 1 at 9, 12-15]. Petitioner claims that the jury should have made this factual determination. [Id. at 9]. Petitioner also asserts that his North Carolina state convictions for robbery with a dangerous weapon are not crimes of violence under Johnson v. United States, 135 S. Ct. 2551 (2015). [Id. at 19-24]. Finally, Petitioner challenges for the first time his "career offender" predicate offenses because he committed them when he was a minor and is actually innocent of the enhancement. [Id. at 14-15].

As to Petitioner's claims related to the consideration of his prior robbery offense as separate offenses, he raised these issues on direct appeal and they were rejected. He is barred from raising them now. Boeckenhaupt, 537 F.2d at 1183; Linder, 552 F.3d at 397. Additionally, Petitioner's claim that his armed robbery convictions are not crimes of violence is foreclosed by United States v. Burns-Johnson, 864 F.3d 313, 320 (4th Cir.) (holding North Carolina robbery with a dangerous weapon is a crime of violence), cert. denied, 138 S. Ct. 461 (2017).

Petitioner's career offender challenge is also without merit. First, Petitioner was not sentenced as a career offender. [See Doc. 676 at ¶¶ 18-27]. Second, even if he had been, this claim would be procedurally barred because he did not raise it on direct appeal. See Bousley v.

---

[5] Petitioner also argued that the Court erred by admitting evidence that he possessed a gun that was not the subject of the Indictment. [CV Doc. 1 at 7-8]. This issue is also procedurally barred and without merit because he raised it on direct appeal, and the Fourth Circuit rejected it. See Smith, 703 Fed. App'x at 176; Linder, 553 F.3d at 397.

United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 Fed App'x 296, 299 (4th Cir. 2008). Third, challenges to the advisory guidelines are not cognizable on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015). Finally, it appears that Petitioner was convicted as an adult for these offenses in any event. [See CR Doc. 676 at ¶¶ 31-32].

Accordingly, because Petitioner's sentencing challenges are procedurally barred and without merit, the Court will dismiss these claims.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. The Government's Motion for Extension of Time to respond to Petitioner's motion to motion to vacate [Doc. 3] is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: August 5, 2020

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge